UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE HERNANDEZ, on behalf of himself and all
other persons similarly situated,

                    Plaintiff,

        -against-

NEW YORK FAST CONCRETE GROUP INC.,
and OSCAR VELASQUEZ, individually,

                    Defendants.
-------------------------------------------------------------X

Docket No.:

**COMPLAINT**

*Collective and Class Action*

      Plaintiff, JOSE HERNANDEZ ("Plaintiff"), on behalf of himself, individually, and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants NEW YORK FAST CONCRETE GROUP INC., ("Fast Concrete"), and OSCAR VELASQUEZ ("Velasquez," together with Fast Concrete as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendants who were employed as non-exempt concrete workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages for violations of New York Labor Law §§ 191, 195 and to recover damages for violations of New York Labor Law Article 19, §650 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

1

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. Plaintiff is a resident of the County of Nassau, State of New York.

7. At all times relevant, Plaintiff was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

8. At all times relevant, Defendant Fast Concrete was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at 93-02 183rd Street, Jamaica, New York, 11423.

9. At all times relevant, Defendant Fast Concrete was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate

commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in the concrete pouring and construction business, and handled products such as wood, lumber, concrete, stone, concrete mix, mixers, cement mixers, sand, gravel, forklifts, brooms, and other tools, equipment and products, many of which originated in states other than New York.

10. At all times relevant, Defendant Fast Concrete was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

11. At all times relevant, Defendant Velazquez is and/or was an officer and/or owner of Fast Concrete, had authority to make payroll and personnel decisions for Fast Concrete, was active in the day-to-day management of Fast Concrete, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

12. Defendants are engaged in the mixing, pouring, and maintenance of concrete foundations and walls for commercial and residential buildings, throughout Kings, Queens, and New York Counties.

13. Plaintiff was employed by the Defendants as a laborer from in or about September 2019 until in or around June 2021. Throughout his employment, Defendants compensated Plaintiff at his regular rate of $190.00 per day, regardless of the number of hours he worked each day, or in a given week.

14. Throughout his employment, Plaintiff regularly worked six days per week, Monday through Saturday, beginning at any time between 5:00 a.m. and 7:00 a.m., and working until the his job that day had concluded, which could range anywhere from 6:00 p.m. to 10:00 p.m.

3

Accordingly, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did regularly work, far in excess of forty hours each week.

15. Throughout his employment, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty in a workweek. Instead, Defendants paid Plaintiff by check for six days of work at a rate of $190.00 per day.

16. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

17. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon Plaintiff's hire as required by NYLL § 195(1).

18. Throughout his employment, Defendants failed to provide Plaintiff with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

19. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

20. Defendants treated and paid Plaintiff, Rule 23 Class Members, and the FLSA Collective Action Plaintiffs in the same or similar manner.

### RULE 23 CLASS ACTION ALLEGATIONS
### NEW YORK STATE LABOR LAW

21. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as non-exempt laborers who worked with concrete in the State of New

York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

23. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as non-exempt concrete workers at any time during the six (6) years prior to the filing of this Complaint.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants failed to pay Plaintiff and Class Members overtime at the rate of one and one-half times the regular hourly rate of pay for hours worked after 40 hours per workweek; whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire; whether Defendants failed to provide Plaintiff and Class Members with accurate wage statements each pay period; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

25. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff overtime at the rate of one and one-half times the regular hourly rate for hours worked after 40 hours per workweek. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

28. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

29. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

30. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## COLLECTIVE ACTION ALLEGATIONS

31. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

33. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers, concrete workers, and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

35. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

36. Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. Defendants employed Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, and persons similarly situated for workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess

8

of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

38. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

39. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. Due to Defendants' violations of the FLSA, Plaintiff Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

41. Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42. Defendants employed Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

43. By Defendants' failure to pay Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

44. Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

45. Due to Defendants' violations of the NYLL, Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 195(1))

46. Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

47. Defendants failed to provide Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

48. Due to Defendants' failure to provide Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 195(3))

49. Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

50. Defendants failed to provide Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including, *inter alia*, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

51. Due to Defendants' failure to provide Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements along with their wages as required by NYLL § 195(3), Plaintiff, Rule 23 Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for the following relief:

i. An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Certification of a Class Action pursuant to F.R.C.P. 23;

iii. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

iv. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting

        regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

v.      Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

vi.      Unpaid wages, including but not limited to unpaid overtime pay and unpaid wages owed at their agreed upon rates of pay, pursuant to the NYLL and New York Department of Labor Regulations, plus an equal amount in liquidated damages;

vii.      Damages pursuant to New York Labor Law §§ 195(1), (3), and 198;

viii.      Pre- and post-judgment interest as permitted by law;

ix.      All attorneys' fees incurred in prosecuting these claims;

x.      All costs incurred in prosecuting these claims; and

xi.      Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       December 10, 2021

                                       LAW OFFICE OF PETER A. ROMERO, P.L.L.C.
                                       *Attorneys for Plaintiff*
                                       490 Wheeler Road, Suite 250
                                       Hauppauge, New York 11788
                                       Tel.: (631) 257-5588

                         By:     *M. J. Farnworth*
                                       MATTHEW J. FARNWORTH, ESQ.
                                       PETER A. ROMERO, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against New York Fast Concrete Group Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          12-03-2021
Jose Hernandez Benitez                        Date